# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Bill Krane, et al., | Case No. 2:20-cv-00501-RFB-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Carroll Lee Brown, et al., | |
| Defendants. | |

Presently before the Court is Defendant Jacqueline Brown's notice of removal and complaint. ECF No. 1-1. Brown seeks to remove her case pending in state court and assert claims against Plaintiffs. *Id*.

Brown moves to proceed *in forma pauperis*. ECF No. 1. Brown submitted the affidavit required by 28 U.S.C. § 1915(a), showing an inability to prepay fees or costs or give security for them. *Id*. While Brown's take-home pay is $1,500 per month, her expenses exceed her income. *Id*. Brown's request to proceed *in forma pauperis,* therefore, will be granted.

As discussed below, the Court will deny Brown's notice and complaint without prejudice for failure to state proper grounds for removal.

## I.    BACKGROUND

By way of background, Plaintiffs filed a motion for summary eviction before the Las Vegas Justice Court. *See* ECF No. 1-1 at 16. Brown then filed a notice of removal and complaint against Plaintiffs before this Court. ECF No. 1-1.

Brown alleges that the Court has federal question jurisdiction and supplemental jurisdiction based on her claims against Plaintiffs. *Id*. at 2. Brown alleges federal causes of action under the RICO Act (18 U.S.C. § 1965), the False Claims Act (31 U.S.C. §§ 3729 – 3733), and under federal securities laws. *Id.*

## II. ANALYSIS

To remove a civil action from state court to federal court, a defendant must file a petition, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, stating the grounds for removal and a copy of all process, pleadings, and orders served upon defendants in such action. 28 U.S.C. § 1446(a).

A civil action brought in state court may be removed to a federal district court when the district court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Section 1331 applies when a federal question appears on the face of the complaint. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). Federal question jurisdiction "depends solely on the plaintiff's claims for relief . . . ." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). "[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Here, Brown filed her own complaint against Plaintiffs and asserted that the Court has jurisdiction based on her claims. ECF No. 1-1 at 2-3. However, to properly remove this lawsuit from state court, Brown must show that this Court has jurisdiction over Plaintiffs' claims, not Brown's counterclaims. *See Holmes*, 535 U.S. at 831.

Brown has not stated proper grounds for removal because she failed to show that the Court has jurisdiction over Plaintiffs' claim. *See* ECF No. 1-1. It appears that Plaintiffs are suing Brown in state court under NRS 40.253, a Nevada statute that governs summary evictions for failure to pay rent. *Id*. at 16. Brown did not attach any other pleadings that would suggest that Plaintiffs are suing under a federal cause of action. *See* ECF No. 1-1. Based on Brown's pleadings, the Court cannot conclude it has jurisdiction over this case. *See id*. Therefore, Brown has not met the statutory requirements for removal. *See* 28 U.S.C. § 1441(a). For that reason, the Court will deny Brown's notice and complaint without prejudice and with leave to amend. *See* 28 U.S.C. § 1446(a).

If Brown wishes to amend, she must file a petition stating the grounds for removal and attach a copy of all process, pleadings, and orders served upon her in this action. To state grounds for removal, Brown must explain why this Court has jurisdiction over Plaintiff's claims.

Alternatively, Brown may be able to assert counterclaims against Plaintiffs in state court, or she may be able to bring her own federal lawsuit, if federal jurisdiction exists.

### III. Amendment

Brown is advised that if she files an amended petition for removal, the original notice of removal and complaint (ECF No. 1-1) no longer serve any function in this case. As such, if Brown files an answer and counterclaim, each counterclaim and the involvement of each party must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Brown's amended pleadings complete. The amended filing must be complete in and of itself without reference to prior pleadings or to other documents.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Brown's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Brown will not be required to pay the filing fee in this action. Brown is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the clerk of court must file Brown's notice of removal and complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Brown's notice of removal and complaint are DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Brown chooses to file an amended petition for removal, she must do so by November 30, 2020. Failure to file an amended petition for removal will result in a recommendation to the district judge that this case be dismissed.

DATED: October 27, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE